IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL W. HENDRICKS,**           Case Number 5:13 CV 410

    Petitioner,           Judge James Gwin

    v.           Magistrate Judge James R. Knepp, II

**JASON BUNTING,**

    Respondent.           REPORT AND RECOMENDATION

### INTRODUCTION

*Pro se* Petitioner Michael Hendricks ("Petitioner"), a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). A month later, he filed a Motion to Stay Proceedings. (Doc. 4). The Court granted his request and dismissed the case without prejudice (Doc. 5); the case was subsequently reopened by order of the Court on January 14, 2015 (Doc. 8). Petitioner also voluntarily dismissed all grounds other than a sub-claim within his ineffective assistance of appellate counsel ground. (Docs. 7, 8).

Respondent Warden Jason Bunting ("Respondent") filed a Motion to Dismiss, with attached exhibits, on March 9, 2015. (Doc. 11).  After three extensions of time, Petitioner filed an Objection to Respondent's Motion to Dismiss on August 25, 2015 (Doc. 19), one day after the deadline for filing (Doc. 18).

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated January 14, 2015). For the reasons discussed below, the undersigned recommends the Petition be denied.

**FACTUAL BACKGROUND**

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Ohio's Ninth District Court of Appeals set forth the following findings of fact:

> **{¶2}** On February 26, 2009, several members of the Akron Police Department visited Hendricks' home to investigate drug complaints regarding a meth lab. Detective Ted Male and Officer David Crockett, members of the clandestine laboratory enforcement team, each testified to extensive training and experience related to methamphetamine lab investigation. Officer Crockett has actually manufactured methamphetamine as part of his training. When the officers approached Joseph Logan, a co-defendant, walking down the driveway of Hendricks' home, they noticed a distinct chemical odor that they associated with the production of methamphetamine. Several other officers remained with Logan while Detective Male and Officer Crockett approached the home and knocked on the door. Through a window in the door they observed Hendricks climb the basement stairs and answer the door. Hendricks invited the officers to enter the home. They again detected a strong chemical odor, which they associated with meth labs. Officer Crockett went downstairs and encountered what he believed to be a meth lab. The officers secured the premises and left to obtain a search warrant. They returned and searched Hendricks' residence, ultimately seizing methamphetamine and numerous items related to the manufacture of methamphetamine.
>
> **{¶3}** On March 16, 2009, the Summit County Grand Jury indicted Hendricks on one count of illegal manufacture of drugs, a felony of the first degree, illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the second degree, possessing criminal tools, a felony of the fifth degree, aggravated possession of drugs, a felony of the fifth degree, three counts of endangering children, felonies of the third degree, and illegal use or possession of drug paraphernalia, a misdemeanor of the fourth degree. The misdemeanor charge of illegal use or possession of drug paraphernalia was dismissed prior to trial.
>
> **{¶4}** The charges were tried to a jury from September 28, 2009, through October 1, 2009. The court declared a mistrial and dismissed count one, illegal manufacture of drugs. On October 5, 2009, the jury returned guilty verdicts on

> each remaining charge. The court sentenced Hendricks to five years of incarceration for illegal possession of chemicals for the manufacture of drugs, one year of incarceration for possessing criminal tools, one year of incarceration for aggravated possession of drugs, and two years of incarceration for each charge of endangering children. The court ordered the sentences for illegal possession of chemicals for the manufacture of drugs, possessing criminal tools, and aggravated possession of drugs to be served concurrently for a total of five years. The court further ordered that two of the sentences for endangering children were to run concurrently with each other but consecutively to the third sentence for endangering children for a total of four years. The total of four years for endangering children was ordered to run consecutively to the previously described five-year sentence for a total of nine years of incarceration.

(Doc. 11, Ex. 17).

## PROCEDURAL BACKGROUND

The procedural history was accurately summarized in Respondent's brief; therefore, it is incorporated herein with only minor changes. (Doc. 11, at 3-9).

*State Trial Court*

The March 2009 term of the Summit County Grand Jury issued an indictment charging Petitioner with one count of illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, possessing criminal tools, aggravated possession of drugs, three counts of endangering children, and illegal use or possession of drug paraphernalia. (Doc. 11, Ex. 1). Petitioner filed a request for leave to file a suppression motion and a suppression motion. (Doc. 11, Exs. 2, 45). The motions were denied. (Doc. 11, Ex. 3).[1]

Prior to trial, Petitioner filed a motion in limine. (Doc. 11, Ex. 5). The trial court denied the motion. (Doc. 12, Trial Tr. Vol. I pp. 23, 25).

The case proceeded to trial and the jury returned verdicts finding Petitioner guilty as charged in the indictment. However, on polling, one juror indicated she was not in agreement as

---

1. Petitioner filed an appeal which was denied for lack of jurisdiction. (Doc. 11, Ex. 4).

3

to Count One of the indictment. The trial court declared a mistrial as to that count. The remaining verdicts stood. (Doc. 11, Exs. 7, 10).

Petitioner filed a motion for a new trial. (Doc. 11, Ex. 8). The state filed a response. (Doc. 11, Ex. 9). The trial court denied Petitioner's motion for a new trial. (Doc. 11, Ex. 11).

On November 17, 2009, the trial court sentenced Petitioner to five years of incarceration for illegal possession of chemicals for the manufacture of drugs, one year of incarceration for possessing criminal tools, one year of incarceration for aggravated possession of drugs, and two years of incarceration for each charge of endangering children. The court ordered the sentences for illegal possession of chemicals for the manufacture of drugs, possessing criminal tools, and aggravated possession of drugs to be served concurrently for a total of five years. The court further ordered that two of the sentences for endangering children were to run concurrently with each other but consecutively to the third sentence for endangering children for a total of four years. The total of four years for endangering children was ordered to run consecutively to the previously described five-year sentence for an aggregate sentence of 9 years in prison. (Doc.11, Ex. 12).

*Direct Appeal*

Petitioner, through counsel, filed a timely notice of appeal to the Ninth District Court of Appeals, Summit County, Ohio. (Doc. 11, Ex. 13). In his merit brief, Petitioner, through new counsel raised the following assignments of error:

1. The trial court committed reversible error as a matter of law and/or committed plain error in denying Appellant's motion to exclude any evidence that was destroyed by the State and thus not preserved nor made available to the defenses for independent testing, and to prohibit any testimony of police officers regarding the identity of the chemicals seized but untested.

2. Appellant was denied the effective assistance of counsel.

(Doc. 11, Ex. 14). The state filed a brief opposing the assignments of error raised by Petitioner. (Doc. 11, Ex. 15). Petitioner filed a brief in reply. (Doc. 11, Ex. 16). On August 3, 2011, the Ninth District Court of Appeals affirmed the trial court's judgment. (Doc. 11, Ex. 17).

On September 19, 2011, Petitioner, through counsel, filed a timely notice of appeal in the Supreme Court of Ohio. (Doc. 11, Ex. 18). In his memorandum in support of jurisdiction, Petitioner set forth the following proposition of law:

1. It is reversible errors as a matter of law when a trial court denies a Defendant's motion – in a case involving the illegal assembly or possession of chemicals for the manufacture of drugs i.e., methamphetamine, to : A) exclude any evidence that was destroyed by the State, and thus not preserved nor made available to the defense for independent testing pursuant to R.C. 2925.51(A); and B) prohibit the layman testimony of police officers regarding the identity of chemicals seized but never tested. [sic].

(Doc. 11, Ex. 19). On November 30, 2011, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. (Doc. 11, Ex. 20).

*Ohio App. R. 26(B) Application to Reopen Appeal*

On January 26, 2012, Petitioner, *pro se*, filed a delayed motion to reopen his appeal pursuant to Ohio Appellate Rule 26(B) in the Ninth District Court of Appeals, Summit County, Ohio. Petitioner argued that appellate counsel failed to send him a copy of the direct appeal decision. (Doc. 11, Ex. 21). The state filed a memorandum in opposition. (Doc. 11, Ex. 22). Petitioner filed a response to the state's memorandum. (Doc. 11, Ex. 23). On February 21, 2012, the Sixth District Court of Appeals issued a decision and judgment denying Petitioner's application for reopening, finding that Petitioner failed to "include assignments of error, or a sworn statement of the basis for his claims. Such motion falls short of the requirements listed in App.R. 26(B)(2). Such failure to comply with App.R. 26(B)(2) is a sufficient basis for denying the application for reopening." (Doc. 11, Ex. 24).

5

On April 4, 2012, Petitioner, *pro se*, filed a timely notice of appeal in the Supreme Court of Ohio. (Doc. 11, Ex. 25). In his memorandum in support of jurisdiction, Petitioner set forth the following propositions of law:

1. It is plain error as a matter of law when the appellate court denies a pro se litigant a delayed motion for re-opening of his appeal for not raising any assignments of errors in said motion.

(Doc. 11, Ex. 26). On May 23, 2012, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. 11, Ex. 27).

*Motion to Vacate and Set Aside Sentence ("First Post-Conviction")*

On March 7, 2013, Petitioner, *pro se*, filed a motion to vacate and set aside sentence in the Summit County Court of Common Pleas. Petitioner set forth the following claims:

1. Trial Court abused its discretion by entering an incorrect journal entry.

2. Trial Court failed to properly impose post-release control pursuant to Ohio Revised Code 2967.28.

3. Trial Court erred in sentencing to a non-minimum sentence for a first-time offender.

4. Trial Court erred when convicting charges that were to be merged as allied offenses of similar import pursuant to Ohio Revised Code 2941.25.

(Doc. 11, Ex. 28). The state in response filed a memorandum in opposition. (Doc. 11, Ex. 28). On May 2, 2013, the trial court denied Petitioner's petition after construing it as a petition for post-conviction relief noting that it was not timely filed, that Petitioner's allied offenses claim was barred by the doctrine of res judicata, and post-release control was properly imposed. (Doc. 11, Ex. 30).

Petitioner, *pro se*, filed a timely notice of appeal to the Ninth District Court of Appeals, Summit County, Ohio. (Doc. 11, Ex. 31). In his merit brief, Petitioner raised the following assignments of error:

6

1. The trial court abused its discretion and committed prejudice error when the court considered the Defendant motion to vacate and set aside sentence as a untimely petition for post-conviction relief R.C. 2953.21(a)(1)/(a)(2). [sic].

2. Trial court committed prejudice error in failing to conduct a hearing to determine whether counts 5, 6, and 7 are allied offenses of similar import R.C. 2941.25(A) in violation of the Appellant United States Constitutional rights amendment 5 and 14 double jeopardy. [sic].

(Doc. 11, Ex. 32). Petitioner filed an appendix. (Doc. 11, Ex. 33). The state filed a brief opposing the assignment of errors raised by Petitioner. (Doc. 11, Ex. 34). Petitioner filed a reply brief. (Doc.11, Ex. 35). In a decision and journal entry dated February 26, 2014, the Ninth District Court of Appeals overruled Petitioner's two assignments of error and affirmed the judgment of the trial court. (Doc. 11, Ex. 36).

On April 9, 2014, Petitioner, *pro se*, filed a timely notice of appeal in the Supreme Court of Ohio. (Doc. 11, Ex. 37). In his memorandum in support of jurisdiction, Petitioner set forth the following propositions of law:

1. Trial court committed prejudice error in failing to conduct a hearing to determine whether counts 5, 6, and 7 are allied offenses of similar import R.C. 2941.25(A) in violation of the Appellant United States Constitutional rights amendment 5 and 14 double jeopardy. [sic].

2. The trial court abused its discretion and committed prejudice error when the court considered the Defendant motion to vacate and set aside sentence as a untimely petition for post-conviction relief R.C. 2953.21(a)(1)/(a)(2). [sic].

(Doc. 11, Ex 38). On June 11, 2014, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (Doc. 11, Ex. 39).

*Petition for Post-Conviction Relief*

Then, on June 10, 2013, Petitioner filed a motion for correction of sentence based on an allied offenses claim and a claim that he should have received a minimum sentence as a first-time offender. (Doc. 11, Ex. 40). The state filed a motion to dismiss. (Doc. 11, Ex. 41). The trial

7

court issued an order on August 9, 2013, denying the motion for correction of sentence finding it was untimely, successive, and was subject to the doctrine of res judicata. (Doc. 11, Ex. 42).

Petitioner failed to file an appeal from the trial court's judgment.

*Second Ohio App.R.26(B) Application to Reopen Appeal*

On March 26, 2014, Petitioner, *pro se*, filed another delayed motion to reopen his appeal pursuant to Ohio Appellate Rule 26(B) in the Ninth District Court of Appeals, Summit County, Ohio, alleging that he had been denied the effective assistance of appellate counsel as a result of appellate counsel's failure to raise an allied offenses claim. (Doc. 11, Ex. 43). The state filed a memorandum in opposition. (Doc. 11, Ex. 45). On April 29, 2014, the Ninth District Court of Appeals issued a journal entry denying Petitioner's delayed application for reopening finding that Petitioner's "application appears to be successive application for reopening which is not specifically authorized by App.R. 26(B)." (Doc. 11, Ex. 45).

### FEDERAL HABEAS CORPUS

On February 26, 2013, Petitioner timely filed the instant Petition for a writ of habeas corpus raising the following grounds for relief:

> **GROUND ONE**: The trial court committed reversible error as a matter of law and/or committed plain error in denying Appellant's motion to exclude evidence.
>
> **GROUND TWO**: Ineffective assistance of counsel. Counsel for Appellant never requested to have chemicals seized and tested to be preserved for independent testing for Appellant.
>
> **GROUND THREE**: Ineffective assistance of Appellant's appeal counsel.

(Doc. 1). After filing, Petitioner voluntarily dismissed grounds one and two; and dismissed all but one sub-claim of ground three. (*See* Docs. 1, 7, 8).

Thus, the remaining ground for relief to be analyzed is whether Petitioner's appellate counsel was ineffective for not raising a challenge to consecutive sentencing in violation of R.C.

2941.25(A), Allied Offenses of Similar Import, and the 5th and 14th Amendments. (Docs. 1, 7). Specifically, Petitioner alleges Counts Five, Six, Seven – child endangerment – and Count Two, illegal assembly or possession of chemicals for the manufacture of drugs in the vicinity of juvenile, should have merged. (Doc. 7).

### JURISDICTIONAL BAR

Respondent argues ground three, and its remaining sub-claim, is procedurally defaulted because there was not fair presentation or exhaustion at the state level. (Doc. 11, at 18-21).

*Procedural Default*

Procedural default occurs when a petitioner fails to fairly present his claims in a federal constitutional context to the highest state court. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982). Federalism and comity generally bar federal habeas corpus review of "contentions of federal law . . . not resolved on the merits in the state proceeding due to [the petitioner's] failure to raise them there as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Lundgren v. Mitchell*, 440 F.3d 754 (6th Cir. 2006).

A habeas petitioner may fail to obtain consideration of a claim by a state court in two scenarios, either: (1) he failed to fairly raise the claim before the state courts while state remedies were still available, or (2) he failed to comply with a state procedural rule which prevented the state courts from reaching the merits of the petitioner's claim. *Wainwright*, 433 U.S. at 80, 84-87 (1977). In either of these scenarios, the claim is procedurally defaulted and may not be considered by the federal court on habeas review. *Seymour v. Walker*, 224 F.2d 542, 550 (6th Cir. 2000).

9

If the state argues a petitioner has procedurally defaulted his claims, the court must conduct a four-step analysis to determine whether the petitioner has indeed defaulted and, if so, whether the procedural default may be excused:

1. The Court determines whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it;

2. The Court then determines whether the state courts actually enforced their procedural sanction;

3. The Court then decides whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review; and

4. Finally, in order to avoid default, the petitioner can demonstrate that there was "cause" for him to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

A procedural default will also be excused if the petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Supreme Court has held that such an inquiry requires a petitioner "supplement[] a constitutional claim with a 'colorable showing of factual innocence.'" *Id.* at 495 (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986)). Maintaining this exception to the rule against reviewing procedurally defaulted claims serves as "an additional safeguard against

compelling an innocent man to suffer an unconstitutional loss of liberty". *Id.* (quoting *Stone v. Powell*, 428 U.S. 465, 492–93 (1976)).

Ground Three, Sub-claim Four

Ground three alleges ineffective assistance of appellate counsel, specifically sub-claim four alleges his appellate counsel should have raised a challenge to his sentences because they were not merged as Allied Offenses of Similar Import. (Docs. 1, 7). Petitioner's ground for relief is procedurally defaulted for at least three reasons.

First, Petitioner did not raise the ineffective assistance of appellate counsel or the merger of sentences claims in his first application to reopen his appeal. (Doc. 11, Ex. 21). The appellate court dismissed Petitioner's application because he failed to comply with the requirements of App.R. 26(B)(2) when he did not include assignments of error or a sworn statement of the basis of his claims. (Doc. 11, Ex. 24). Not only did Petitioner fail to comply with App.R. 26(B)(2), he also failed to raise a known ground for relief at his first opportunity, which prevented the appellate court from reaching the merits of his claims; thus, the first two prongs of the *Maupin* standard are satisfied. Further the third *Maupin* prong is met because App.R. 26(B) is a rule with a "discernible standard of application" and is, thus, "an adequate and independent state rule which bars federal review." *Banks v. Bradshaw*, 2008 WL 4356955, at *11 (N.D. Ohio); *see also Braun v. Morgan*, 2014 WL 814918, at *33 (N.D. Ohio).

Second, in his next 26(B) application, although Petitioner did raise a claim of ineffective assistance of counsel for failure to raise the issue of allied offenses, it was dismissed. (Doc. 11, Exs. 43, 45). The appellate court dismissed the application because App.R. 26(B) does not allow for successive applications. (Doc. 11, Ex. 45). Petitioner did not properly present the claim to the appellate court when the remedy was available, i.e., on the first instance, and thus, the appellate

11

court was prevented from reaching the merits of his claims. Like above, the first three prongs of *Maupin* standard are met.

Lastly, even assuming *arguendo* that Petitioner's second 26(B) application was a fair presentation of the issue to the Ohio courts; it is still procedurally defaulted because he did not file a timely appeal to the Supreme Court of Ohio. Petitioner had 45 days from the date of the judgment entry to file an appeal, he failed to do so. Ohio S.Ct.Prac.R. 7.01(A)(1)(a)(i). Fair presentation requires claims be presented at each level of state review so as to allow the state court a full opportunity to resolve any constitutional issues. *O'Sullivan*, 526 U.S. at 848. The failure to do so results in a waiver of those claims under *res judicata*. *Id*.; *State v. Cole*, 443 N.E.2d 169, 171 (Ohio 1982).

*Res judicata* has long been held to be a state procedural bar with the effect that claims not raised on direct appeal will be dismissed. *See State v. Perry*, 226 N.E.2d 104 (Ohio 1967). *Res judicata* is a "firmly established and regularly followed" state practice on which to foreclose federal review of a constitutional claim. *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *see Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir. 2004). Absent a showing of cause and prejudice, or actual innocence, Petitioner's claim is procedurally defaulted.

In his first 26(B) application, Petitioner asserted as cause for his default that his appellate counsel did not timely provide the judgment entry from his direct appeal and thus, his first application to reopen his appeal was untimely. (Doc. 11, Ex. 21). However, this does not explain why Petitioner did not comply with the requirement to provide assignments of error or a sworn statement as to the basis of his claims in his first 26(B) application. Therefore, even if Petitioner is correct in asserting that he did not receive his judgment entry timely; it does not excuse his failure to comply with App.R. 26(B) which was the reason his application was denied. (Doc. 11,

Ex. 24). This failure is entirely attributable to Petitioner and, thus, cannot be the basis for excusal of procedural default. *Murray*, 477 U.S. at 488 (holding that cause must be an objective factor external to the defense); *see also Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (finding that ignorance of the law is not sufficient cause to excuse procedural default).

As to his failure to file an appeal to the Supreme Court of Ohio on his second 26(B) application, Petitioner deemed the attempt futile. (Doc. 19, at 12). Despite Petitioner's evaluation of his case, the Sixth Circuit instructed "[a]ny uncertainty whether the courts of Ohio will consider petitioner's [ ] claim on the merits is not substantial enough to render resort to state process futile." *Brewer v. Dahlberg,* 942 F.3d 328, 340 (6th Cir. 1991). Furthermore, Petitioner's decision not to file an appeal is an error of his own making, not a factor external to his defense; thus, it cannot constitute cause to excuse default. *Murray*, 477 U.S. at 488.

In his response to the Respondent's motion to dismiss, Petitioner argues at length the legal basis for a number of alleged violations of his rights (none of which are at issue in the instant habeas action); however, he does not assert any other cause for excusing the procedural defaults addressed above. (*See* Doc. 19). Because Petitioner has not demonstrated justifiable cause, the Court need not address whether prejudice resulted.

Construing Petitioner's response liberally, it is best characterized as a mixed attempt to prove actual innocence, trial error, and unequal sentencing. (*See* Doc. 19). Notably, what is lacking in Petitioner's response is *new* evidence, i.e., evidence that was not presented or available at the time of trial. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Without any *new* evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.* at 316. (emphasis added). Furthermore, actual innocence is more than legal insufficiency; which is all that Petitioner alleges in this case. *Bousley v. United*

*States*, 523 U.S. 614, 623 (1998); *see also Carter v. Mitchell*, 443 F.3d 517, 538 (6th Cir. 2006). Petitioner has not alleged sufficient, new evidence to support a claim for actual innocence; accordingly the Court recommends ground three, sub-claim four of the Petition be dismissed as procedurally defaulted.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be denied.

    s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).