```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
MICHAEL W. HENDRICKS                      :
                                          :   CASE NO. 5:13-CV-410
          Petitioner,                     :
                                          :
v.                                        :   OPINION & ORDER
                                          :   [Resolving Doc. Nos. 1, 7, 20, 21]
JASON BUNTING, Warden,                    :
                                          :
          Respondent.                     :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Habeas Corpus Petitioner Michael Hendricks seeks relief under 28 U.S.C. § 2254 from his nine-year sentence of incarceration. With his petition, Hendricks says that his appeals counsel was ineffective. Petitioner argues that counsel provided ineffective assistance by not arguing on direct appeal that several of the charges against Petitioner were "allied offenses of similar import."[1]

Magistrate Judge Knepp filed a Report and Recommendation ("R&R") in this case. The R&R suggests that this Court dismiss the petition because Petitioner's sole remaining ground of relief, ineffective assistance of appellate counsel claim, is procedurally defaulted.[2]

For the following reasons, the Court **OVERRULES** Petitioner's objections to the R&R, **ADOPTS** the R&R, and **DISMISSES** Petitioner's § 2254 petition.

**I. Background**

On October 5, 2009 a Summit County Court of Common Pleas jury convicted Petitioner of illegal assembly or possession of chemicals for the manufacture of drugs, possessing criminal tools,

---

[1] Ohio Rev. Code § 2941.25(A) ("Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.").

[2] Doc. 20. Petitioner objects. Doc. 21.

Case No. 5:13-cv-410
Gwin, J.

aggravated possession of drugs, and three counts of endangering children. The state court then

> sentenced Hendricks to five years of incarceration for illegal possession of chemicals for the manufacture of drugs, one year of incarceration for possessing criminal tools, one year of incarceration for aggravated possession of drugs, and two years of incarceration for each charge of endangering children. The court ordered the sentences for illegal possession of chemicals for the manufacture of drugs, possessing criminal tools, and aggravated possession of drugs to be served concurrently for a total of five years. The court further ordered that two of the sentences for endangering children were to run concurrently with each other but consecutively to the third sentence for endangering children for a total of four years.[3]

This resulted in a nine-year sentence of incarceration.

On December 9, 2009, Petitioner, through new appeals counsel, appealed his sentence. Petitioner raised two assignments of error, neither of which mentioned the issue of allied offenses. On August 3, 2011, The Ninth District Court of Appeals affirmed the convictions.

On September 19, 2011, Petitioner appealed the state court of appeals' judgment to the Ohio Supreme Court. He set forth one proposition of law which did not mention the issue of allied offenses. On November 30, 2011, the state supreme court dismissed the appeal.

On January 26, 2012, Petitioner, now pro se, moved to reopen his appeal under Ohio Rule of Appellate Procedure 26(B).[4] Petitioner did not raise the allied offenses issue. Petitioner did not argue that his appeal counsel was ineffective for failing to raise the allied offenses issue on direct appeal. On February 21, 2012, the Sixth District Court of Appeals denied Petitioner's application for reopening. The appeals court found that Petitioner failed to comply with Rule 26(B) because he did not "include assignments of error, or a sworn statement of the basis for his claims."[5]

---

[3] Doc. 11-1 at 102–03. The Court relies on the R&R, Doc. 20, and the State Court Record, Doc. 11-1, for the procedural history of the state court proceedings.

[4] Doc. 11-1 at 136–37.

[5] *Id.* at 150.

Case No. 5:13-cv-410
Gwin, J.

On March 7, 2013, Petitioner moved to vacate his sentence in the Summit County Court of Common Pleas. For the first time, Petitioner raised the allied offenses issue.[6/] On May 2, 2013, the trial court denied the motion. The trial court found that the motion was untimely and that Petitioner's allied offenses claim was barred by the doctrine of res judicata.[7/]

On June 13, 2013, Petitioner appealed the trial court decision to the Ninth District Court of Appeals. On February 26, 2014, the Ninth District Court of Appeals overruled Petitioner's assignment of error and affirmed the judgment of the trial court.[8/]

On April 9, 2014, Petitioner appealed the denial to the Ohio Supreme Court. Petitioner raised the allied offense issue as a proposition of law. On June 11, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal.

On June 10, 2013, Petitioner moved to correct his sentence based on the allied offenses claim. On August 9, 2013, the trial court denied the motion, finding it untimely, successive, and subject to the doctrine of res judicata. Petitioner did not appeal that judgment.

On March 26, 2014, Petitioner filed another delayed motion to reopen his appeal under Ohio Appellate Rule 26(B). Petitioner argued that he had been denied the effective assistance of appeals counsel as a result of counsel's failure to raise an allied offenses issue. On April 29, 2014, the Ninth District Court of Appeals denied Petitioner's motion. The appeals court found Petitioner's application to be successive and not specifically authorized by Ohio Appellate Rule 26(B).

On February 26, 2013, Petitioner timely filed the instant Petition for a writ of habeas corpus.

---

[6/] *Id.* at 165.
[7/] *Id.* at 185.
[8/] *Id.* at 227–230.

Case No. 5:13-cv-410
Gwin, J.

Petitioner originally raised three grounds for relief, but later voluntarily dismissed all grounds of relief except for the argument that his appeal counsel was ineffective for not raising the allied offenses issue.[9]

With his petition, Hendricks argued that counts five, six, and seven for child endangerment and count two for illegal assembly or possession of chemicals for the manufacture of drugs in the vicinity of juvenile, should have merged. Petitioner says that his counsel's failure to argue the point on direct appeal constituted ineffective assistance of counsel.[10]

On December 30, 2015, Magistrate Judge Knepp issued an R&R finding that Petitioner's sole ground of relief is procedurally defaulted and that his petition should therefore be dismissed.

On January 11, 2016, Petitioner objected to the R&R. Petitioner argues 1) that his ineffective assistance ground for relief is not procedurally defaulted; 2) the state trial court committed plain error when it failed to hold a hearing on the allied nature of the charges in petitioner's case; and 3) Petitioner presented new evidence of factual innocence.

## II. Standard of Review

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have properly objected.[11]

A district court will not consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them there as

---

[9] *See* Docs. 1, 7, 8.
[10] Doc. 7.
[11] Fed. R. Civ. P. 72(a).

Case No. 5:13-cv-410
Gwin, J.

required by state procedure."[12]

If the state argues that a petitioner's grounds for relief are procedurally defaulted, a district court must determine

> whether there is a procedural rule applicable to the claim at issue, and whether the petitioner in fact failed to follow it . . . whether the state courts actually enforced their procedural sanction . . . whether the state's procedural forfeit is an "adequate and independent ground" on which the state can rely to foreclose federal review; and [whether] there was "cause" for [petitioner] to neglect the procedural rule, and that he was actually prejudiced by the alleged constitutional error.[13]

### III. Discussion

The R&R states that Petitioner's ineffective assistance of counsel ground of relief is procedurally defaulted in three different ways.[14] After reviewing the record, this Court agrees and finds Petitioner's ground of relief to be procedurally defaulted because Petitioner defaulted the claim when he failed to raise the issue of allied offenses or make an ineffective assistance of appeals counsel claim in his January 26, 2012 motion to reopen his appeal.

First, Ohio requires that a criminal defendant like Petitioner Hendricks fairly raise any claims of error to the court of appeals at his first opportunity. Under Ohio law, if a defendant does not raise those claims, then the claims are procedurally barred and may not be reviewed on the merits by a higher state court.[15] Petitioner did not raise the allied offenses issue or make an ineffective assistance claim in his January 26, 2012 motion to reopen his appeal.

---

[12] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006).
[13] *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).
[14] Doc. 20 at 11–13. Since this Court finds that Petitioner's ground for relief is procedurally defaulted for the first reason stated in the R&R, this Court does not address the other potential reasons for default in this case.
[15] *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985), *cert. denied*, 474 U.S. 831 (1985) (citing *State v. Phillips*, 272 N.E.2d 347, 352 (1971)).

Case No. 5:13-cv-410
Gwin, J.

Second, it appears that Ohio enforced this procedural rule against Petitioner. When Petitioner later raised the allied offenses issue and made an ineffective assistance claim in his March 7, 2013 motion to vacate his sentence, the court rejected the claims based on Petitioner's failure to raise them in the January 26, 2012 motion. The state trial court found that the claims were barred by the doctrine of res judicata and denied the motion.

Third, the state court's rejection of the allied offenses and ineffective assistance of counsel claims is an adequate and independent reason for the state to foreclose federal review.[16]

Fourth, Petitioner does not demonstrate cause for not raising the allied offenses issue or for not making an ineffective assistance claim in his January 26, 2012 motion. Petitioner did not comply with the requirement that a criminal defendant appealing his conviction must fairly raise alleged constitutional issues at his first opportunity and in through all levels of his appeal. This fault in the appeal is of Petitioner's own making.

All four prongs of the *Maupin* test are satisfied in this case. Therefore, Petitioner's ground for relief is procedurally defaulted.

Petitioner's second objection, that the state trial court committed plain error when it failed to hold a hearing on the allied nature of the charges in Petitioner's case, loses. This Court does not sit in appellate review of the state trial court. Furthermore, any ground for relief on this issue is procedurally defaulted as explained above.

Petitioner's final objection, that Petitioner has in fact presented new evidence of factual innocence, also loses. There is no new evidence on the record of Petitioner's factual innocence that

---

[16] *See Leroy*, 757 F.2d at 99.

Case No. 5:13-cv-410
Gwin, J.

was not available at the time of the 2009 state court trial.

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections to the R&R. The Court **ADOPTS** in whole Magistrate Judge Knepp's R&R and incorporates it fully herein by reference. The Court **DISMISSES** Petitioner's § 2254 petition. Moreover, the Court certifies that no basis exists upon which to issue a certificate of appealability.[17]

IT IS SO ORDERED.

Dated: January 19, 2016            s/    *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[17] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).